IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROY W. ROETTGER,

                      Plaintiff,

  v.                                                          ORDER

CAROLYN W. COLVIN,                                  15-cv-815-jdp
  Acting Commissioner of Social Security,

                      Defendant.

---

      Plaintiff Roy W. Roettger seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. On September 15, 2016, the court heard oral argument in this case. For reasons explained during the hearing and summarized here, the court will remand this case to the Commissioner for further proceedings.

      Roettger applied for disability insurance benefits and supplemental security income because he suffered from back pain. Roettger's medical records indicate that he consistently complained of and sought treatment for back pain, but the objective medical evidence does not itself confirm Roettger's subjective complaints, although his treating physician submitted an opinion that supported his application for benefits. The ALJ did not credit the opinion of the treating physician and found that Roettger's subjective complaints were not entirely credible. Roettger raises several issues with the ALJ's decision; two of these issues warrant remand.

**A.  Treating physician**

      In two conclusory sentences, the ALJ determined that an opinion by Kathleen M. Gang, MD, Roettger's treating physician, was not entitled to any weight, because "the

limitations set out by Dr. Gang are not supported by the minimal abnormalities reported on her examinations on the claimant." R. 16.[1]

"A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000), *as amended*, (Dec. 13, 2000) (citing 20 C.F.R. § 404.1527(d)(2)). "While internal inconsistencies may provide good cause to deny controlling weight to a treating physician's opinion," an ALJ must explain the inconsistencies and his reasons for discounting the treating source opinion. *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992) (citing *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995)).

The ALJ may have had reason to discount Dr. Gang's opinion: it appears that Dr. Gang did not make any treatment notes of objective findings that would support her conclusions. But Roettger's pain would not necessarily be traceable to objective findings. The ALJ did not adequately explain his decision, cite to specific inconsistencies in the record, or identify and apply the pertinent regulatory factors, as required under 20 C.F.R. § 404.1527. Although the ALJ provided a reasonably thorough description of the objective medical evidence, R. 15, he summarily discounted Dr. Gang's opinion without explanation, and without any degree of deference.

The court will remand this case to the Commissioner with instructions to reconsider Dr. Gang's opinion, weigh it against the medical evidence in the record, and adequately explain the result. The ALJ should keep in mind the fact that he determined that Roettger's

---

[1] Record cites are to the administrative transcript, located at Dkt. 7.

medically determinable impairments could reasonably be expected to cause his alleged symptoms, and the ALJ documented Roettger's extensive history of back pain.

**B. Credibility**

The ALJ also dismissed Roettger's testimony about his subjective experience of pain. The ALJ determined that although Roettger's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his subjective complaints were not entirely credible. R. 15. No objective medical evidence in the record supported his complaints: physical examinations consistently revealed no back abnormalities, normal posture, normal strength, etc. *Id*. The ALJ went through the objective medical evidence in the record in detail, noting where physical examination did not corroborate Roettger's testimony, including the fact that "[a]ll imaging studies show a solid fusion, with no evidence of nerve root impingement or instability, and good alignment." *Id.*

The court "will only overturn the ALJ's credibility determination if it is patently wrong, which means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014), *as amended*, (Aug. 20, 2014), *reh'g denied*, (Oct. 10, 2014). The court affords the ALJ's credibility determination deference because the ALJ is in the unique position to hear, see, and assess witnesses. *Id.* at 815 (citing *Shideler v. Astrue,* 688 F.3d 306, 311 (7th Cir. 2012)). However, the credibility analysis must "be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008).

"An ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (citation and internal quotation marks omitted). Here, the ALJ did just that: he

pointed to an extensive treatment history that did not document objective findings that would support the pain levels Roettger reported. The ALJ also discussed Roettger's activities of daily living, which he concluded were consistent with the prescribed residual functional capacity. R. 16. In this move, the ALJ came close to viewing Roettger's limited activities as the equivalent of full-time work. The Seventh Circuit has "repeatedly warned against equating the activities of daily living with those of a full-time job." *Hill v. Colvin*, 807 F.3d 862, 869 (7th Cir. 2015).

On remand, the ALJ should reconsider Roettger's credibility. The ALJ should be wary of discounting Roettger's consistent, subjective complaints simply because no objective medical evidence in the record fully corroborates his statements. And the ALJ should not equate his ability to perform daily activities with an ability to sustain full-time employment.

## C. Other issues

Two additional points in closing. Roettger contends that the ALJ did not properly consider the impact of his obesity—alone and in combination with his other limitations—on his potential disability. Here, the ALJ *did* determine (although somewhat summarily) that "the claimant's obesity, alone or in combination with other impairments, is not of listing level severity." R. 13. "According to SSR 02-1p, an ALJ should consider the effects of obesity together with the underlying impairments, even if the individual does not claim obesity as an impairment." *Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006). The ALJ has minimally complied with this directive on the record before the court. No medical opinions in the record identified Roettger's obesity as a significant aggravating factor, and Roettger does not point to any evidence that would suggest that his obesity exacerbated his physical impairments to the point of disability.

The court will also note that on remand, the Commissioner may need to adjust how she handled Roettger's medication side effects. During the ALJ hearing, Roettger testified that he "gets dumb" if he takes his "large dose" of Lyrica with Vicodin; he has trouble remembering things, so he takes them at night when he goes to bed. R. 29. The ALJ *did* appear to acknowledge Roettger's prescriptions and their alleged side-effects: "[h]e testified that his medications interfere with his ability to think, so he takes them at night." R. 16. The ALJ appears to have acknowledged this testimony and considered it a non-issue. But on remand, the Commissioner should be mindful that full-time work may require Roettger to take his medication during the day, which might make it impossible for him to avoid the side effects.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Roy W. Roettger's applications for disability benefits and supplemental security income is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered September 20, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge